IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: ) | Chapter 13 |
| ) | |
| Charise B. Whaley, ) | No.  19-27159 |
| ) | |
| Debtor. ) | Judge Donald R. Cassling |

### CLARK & RANDOLPH LLC'S OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN FILED NOVEMBER 14, 2019

NOW COMES, CLARK & RANDOLPH LLC, by its attorney, Paul M. Bach of Bach Law Offices, Inc. and Objects to Confirmation of the Chapter 13 Plan filed on November 14, 2019 as to 5230 S. Paulina Street, Chicago, IL 60609 regarding PIN 20-07-413-037-0000 and states as follows:

1. This case is currently pending before this court as a result of a voluntary petition for relief filed by the Debtor under Chapter 13 of the United States Bankruptcy Code on September 25, 2019.

2. The Debtor listed on Schedule A of her Bankruptcy Schedules an ownership interest in the real estate commonly known as 5230 S. Paulina Street, Chicago, IL 60609 regarding PIN 20-07-413-037-0000.

3. On April 5, 2017, Clark & Randolph LLC purchased the 2015 General Real Estate Taxes (Both Installments) for 5230 S. Paulina Street, Chicago, IL 60609 regarding PIN 20-07-413-037-0000 and paid a total of $3,804.35.  *See* Certificate of Purchase attached as an Exhibit to this Objection.

4. Since the purchase of the 2015, subsequent General Real Estate Taxes for 2016 (Both Installments), 2017 (Both Installments), 2017 (Both Installments) and 2018 (First Installment) have been paid with costs incurred totaling $18,827.04.

1

5. On November 14, 2019, the Debtor filed a Chapter 13 Plan (which is not yet confirmed) which does not adequately provide for Clark & Randolph LLC and is not confirmable as a matter of law.

6. The Plan does provide for the Clark & Randolph LLC in the amount of $17,340.04 (wrong amount) at 18%. The correct amount is $18,827.04.

7. The Debtor does provide for future real estate payments in Schedule J, but the Debtor has a history of poor budgeting with limited income causing the real estate taxes not to be paid. As a result, the future real estate funds should be segregated from the Debtor.

8. Additionally the post petition taxes are not specifically provided for in the plan. Additionally, since this Debtor has not paid real estate taxes consistently it is not allowable or advisable to provide for the taxes to be held by the Debtor. Any amount for real estate taxes should be held by a third party and paid monthly by the Debtor.

9. The first installment of real estate taxes for 2019 is due on March 3, 2019 in the amount of $841.53.

10. The Debtor's income for plan feasibility depends on a monthly contribution by the Debtor's son in the amount of $1,200.00 per month. *See Bankruptcy Document 18.* Although the Statement of Financial Affairs shows this payment during 2019 the continued payment is speculative. Also the Debtor shows on the Statement of Financial Affairs receipt of only $5,562.00 year to date but Schedule I shows the Debtor has been employed for 6 months. If this information is correct the Debtor is earning substantially less then forecasted on Schedule I. The Debtor's Schedule J is barebones and the ability of the Debtor to continue payments for any length of time is

questionable. Clark & Randolph objects to the feasibility of the Chapter 13 Plan filed on November 14, 2019.

11. That the Debtor's plan, as filed, improperly attempts to modify the rights of Clark & Randolph LLC.

12. Clark & Randolph LLC objects to the Debtor's Modified Chapter 13 Plan filed June 11, 2019 for the reasons stated above and as follows:

    a. The correct amount in the Plan should be $18,827.04 to Clark & Randolph LLC with a 18% interest rate;

    b. The Payment of future Real Estate Taxes is not provided for in the Plan and the amount to pay this amount should be deposited into an account controlled by a Third Party such as Clark & Randolph LLC to assure that funds for Real Estate Taxes are actually paid on a monthly basis;

    c. A default order should be required to make sure the Debtor makes payments monthly to an taxes escrow and to the Chapter 13 Trustee;

    d. Additionally, the Debtor must make post petition payments for real estate taxes (beginning with the first installment of 2019) and keep the property insured. The Plan by order the Court, should order the Debtor to make payments for real estate taxes and insurance with stay relief to Clark & Randolph LLC if such payment are not made

    e. The Chapter 13 Plan is not feasible; and

    f. All other objections stated in this Objection including the Debtor's income.

WHEREFORE, Clark & Randolph LLC asks this Honorable Court to enter an order denying confirmation of the Debtor's Chapter 13 Plan dated November 14, 2019 and further

3

relief as is just and equitable.

                                              Respectfully Submitted,
                                              Clark & Randolph LLC
                                              <u>BY:/s/Paul M. Bach</u>

Paul M. Bach
Bach Law Offices, Inc.
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808